UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL,<br><br>        Petitioner,<br><br>  v.<br><br>DONNELL ADAMS, Warden,<br><br>        Respondent. | 1:10-cv–02010-OWW-SMS-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR FAILURE TO STATE A COGNIZABLE CLAIM (Doc. 1) AND TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>DEADLINE FOR OBJECTIONS: THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on October 26, 2010.

    I.  <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the

1

petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Petitioner is an inmate of the California State Prison at Corcoran serving an eight-year sentence imposed in the Fresno County Superior Court. He claims that he suffered a denial of due process of law guaranteed by the Fourteenth Amendment in connection with a prison disciplinary proceeding which resulted in forfeiture of 360 days of credit. (Pet. 1, 3, 8, 22.) Petitioner alleges that he was initially charged with and found guilty of having possessed dangerous contraband on June 23, 2009;

later, during the administrative appellate process, the charge was amended to the more serious offense of possession of a deadly weapon. After rehearing, Petitioner was found guilty of possessing a deadly weapon. Petitioner claims that his due process rights were violated by the re-issuance and rehearing of the more serious violation. Petitioner also claims that the greater sentence for the more serious finding was unauthorized under state statutory and regulatory law, and the amendment of the initial charge was contrary to state policy.

II.  Due Process of Law

Petitioner alleges that the amendment of the charge and the punishment imposed after rehearing violated his right to due process of law.

A.  Legal Standards

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

With respect to prison disciplinary proceedings, procedural due process of law guaranteed by the Fourteenth Amendment

3

requires that where the state has made good time subject to forfeiture only for serious misbehavior, then prisoners subject to a loss of good-time credits must be given advance written notice of the claimed violation, a right to call witnesses and present documentary evidence where it would not be unduly hazardous to institutional safety or correctional goals, and a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). Confrontation, cross-examination, and counsel are not required. Wolff, 418 U.S. at 568-70.

Further, where good-time credits are a protected liberty interest, the decision to revoke credits must be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Court in Hill stated:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (CA8 1974).

Superintendent v. Hill, 472 U.S. at 455-56. The Constitution does not require that the evidence logically preclude any conclusion other than the conclusion reached by the disciplinary board; rather, there need only be some evidence in order to

4

ensure that there was some basis in fact for the decision. Superintendent v. Hill, 472 U.S. at 457.

### B. Analysis

Petitioner attached to the petition records of the disciplinary proceedings. In his administrative appeal, Petitioner alleged that on June 25, 2009, he was provided a copy of a rules violation report for possession of dangerous contraband, and was found guilty of that offense on July 20, 2009. (Pet. 17.)

A memorandum from a chief disciplinary officer to the facility captain at the Corcoran prison, dated August 3, 2009, reflects that after an audit of the disciplinary proceeding, it was determined that the information provided in the rules violation report did not appropriately support the charged offense of possession of dangerous contraband, but rather the charge of possession of a deadly weapon; the officer directed that the charge ("CDCR 115") be reissued and reheard, and that it and a copy of the order for rehearing be given to Petitioner. (Pet. 18.)

The report of Correctional Lieutenant M. Gamboa dated August 15, 2009, details the pre-hearing procedures as well as the hearing that took place on August 14, 2009. (Pet. 22-25.) Petitioner received a copy of the rules violation report on August 9, 2009, along with the memorandum directing a rehearing. (Pet. 22.) Thus, Petitioner received in advance of the hearing written notice of the claimed violation.

Petitioner was assigned an investigative employee (IE) and a staff assistant on August 9, 2009, and he received a copy of the

5

IE's report on August 12, 2009. (Pet. 23.) Petitioner declined an invitation to review the photographic evidence before the hearing. (Pet. 25.)

The documentation reflects that because Petitioner refused to attend the hearing, a plea of not guilty was entered on his behalf by the hearing officer. (Pet. 24.) Petitioner did not request any witnesses to be present at the hearing. (Pet. 24, 29.) There is no indication in the petition that Petitioner requested that he be permitted to submit any documentary evidence. Therefore, it appears on the face of the petition and attached documentation that Petitioner had a right to call witnesses and present documentary evidence but declined to avail himself of the opportunity to do so. No violation of due proces appears with respect to this aspect of the proceedings.

The hearing officer decided that Petitioner was guilty of the offense of possession of a deadly weapon, and he based the finding on the preponderance of the evidence at the hearing. (Pet. 24.) Petitioner admitted that he received a copy of the completed report (Pet. 8), which in turn stated the reasons for the decision and the evidence relied upon by the hearing officer (Pet. 24-25). Petitioner thus received a written statement of the evidence relied upon and reasons for the decision.

Although Petitioner argues that he was unable to exhaust administrative remedies in a timely fashion, any failure to do so does not affect the analysis set forth in this order, which addresses the operative allegations of the petition and the associated documentation.

Petitioner does not allege any facts that contradict the

6

documentation.

In summary, the Court concludes that it is apparent from the face of the petition and attachments that Petitioner received all the process that was due him with respect to the re-issuance and rehearing of the disciplinary charge.

Petitioner does not argue that the disciplinary finding was unsupported by some evidence. Nevertheless, the Court notes that the hearing officer's report states that he based his finding of guilt on various pieces of evidence, including 1) the written reports of Correctional Officers D. Arellano and A. Mendoza, in which they stated that during an unclothed search of Petitioner, the two officers found on Petitioner's person an inmate-manufactured weapon measuring one-half inch in width and six inches in length, with a sharpened point; and 2) photographs of the weapon. (Pet. 24-25.) It thus appears that the decision was supported by some evidence, namely, the reports of employees with personal knowledge of the pertinent events, which in turn were consistent with corroborative physical evidence. Therefore, it does not appear possible that Petitioner could allege facts concerning the disciplinary proceeding that would constitute a due process violation.

Therefore, it will be recommended that the claim of a due process violation be dismissed without leave to amend.

III. Failure to Comply with State Law

Petitioner argues that the forfeiture of time credits that he suffered was not authorized by the governing regulations. The Court notes that Cal. Code Regs., tit. 15, § 3323(a) and (b)(8) authorize the forfeiture of up to 360 days credit for division

7

"A-1" offenses, which include possession of a deadly weapon. Section 3006(a) provides that inmates may not possess or have under their control any weapons. Cal. Code Regs., tit. 15, § 3006(a).

However, in any event, Petitioner's claims concerning the application of state law are not cognizable in this proceeding. Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

Petitioner's claim concerning the extent of proceedings and sentences authorized by the state regulatory code concerns only the application of state law. Likewise, his complaint that there is no state law policy to allow amendment of the disciplinary charge involves only a state matter and does not rise to the level of a cognizable claim of a violation of federal due process. To the extent that Petitioner complains of delays in the administrative appellate process, he is complaining of noncompliance with state law. These matters are not cognizable in federal habeas corpus.

Therefore, it will be recommended that the petition be dismissed without leave to amend.

8

IV. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V. Recommendation

Accordingly, it is RECOMMENDED that:

1) The petition be DISMISSED without leave to amend for failure to state a claim cognizable in federal habeas corpus; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action because dismissal of the petition will terminate the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

1  636 (b)(1)(C).  The parties are advised that failure to file
2  objections within the specified time may waive the right to
3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
4  1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 27, 2011**               /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE